Jacob P. Menicucci, Esq., CA Bar No. 305237
Dennis E. Wagner, Esq., CA Bar No. 99190
WAGNER & PELAYES, LLP
1325 Spruce Street, Suite 200
Riverside, CA 92507
Tel:  (951) 686-4800
Fax:  (951) 686-4801
jpm@wagner-pelayes.com
dew@wagner-pelayes.com

Attorneys for Plaintiff,
BRIAN PEREZ

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN PEREZ,<br><br>      Plaintiff,<br><br>vs.<br><br>CITY OF WESTMINSTER; and DOES 1 through 25, inclusive,<br><br>      Defendants. | CASE NO.: 8:17-cv-1879<br><br>**COMPLAINT OF DAMAGES FOR:**<br>1) **VIOLATION OF USERRA 38 U.S.C. § 4301;**<br>2) **DISCRIMINATION BASED ON MILITARY STATUS & PROTECTED MILITARY LEAVE [Mil. & Vet. Code §§ 394, 395, 564];**<br>3) **DISCRIMINATION [Gov. Code § 12940(a)]; and**<br>4) **RETALIATION IN VIOLATION OF GOV. CODE §12940(h) and (i)**<br><br>**DEMAND FOR JURY TRIAL** |

     Plaintiff, BRIAN PEREZ, brings this action against Defendant, CITY OF WESTMINSTER, and herein alleges the following:

1

## INTRODUCTION

1. This action arises from the unlawful discrimination and retaliation against Plaintiff Brian Perez by the City of Westminster's Police Department.

2. Plaintiff seeks compensatory damages for injuries caused by the City of Westminster's retaliation and discrimination.

## JURISDICTION AND VENUE

3. This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 over Plaintiff's claim for relief under the 38 U.S.C. § 4301. This Court has supplemental jurisdiction over Plaintiff's claim for relief under California state law pursuant to 28 U.S.C. § 1367.

4. Venue lies in the United States District Court for the Central District of California because the events giving rise to Plaintiff's claims occurred in the City of Westminster, California. 28 U.S.C. § 1391(b)(2).

## THE PARTIES

5. Plaintiff Brian Perez, is now and at all material times, an individual residing in Corona, California.

6. Defendant, City of Westminster (hereinafter "Defendant") is a city in the State of California and County of Orange. The Westminster Police Department is an agency of the City of Westminster.

7. Plaintiff is presently unaware of the true names and capacity of Defendants sued as Does.

8. Plaintiff Brian Perez (hereinafter "Plaintiff") was employed by defendant City of Westminster") as a police officer since 2003.

9. Defendant City of Westminster ("City") is a City in the State of California and County of Los Angeles. The Westminster Police Department is an agency of the City of Westminster. The City is Plaintiff's employer. Decisions to deny Plaintiff Special Assignments and promotions were made by the City, the Westminster Police Department, and/or their agents and employees.

10. The true names and capacities, whether individual, corporate, associate, or otherwise, and the true involvement of Defendants sued here as Does 1 through 20, inclusive, are unknown to Plaintiff who therefore sues these Defendants by fictitious names and will amend this Complaint to show the true names, capacities and involvement when ascertained. Plaintiff is informed and believes and alleges that each of the Defendants designated as a Doe is responsible in some manner for the events and happenings referred to here, and that Plaintiff's injuries and damages were proximately caused by these Defendants.

**OPERATIVE FACTS**

11. Plaintiff has been a police officer with Defendant since January 16, 2004.

12. Plaintiff also has been and is currently a member of the United States Marine Corps and the United States National Guard.

13. Between July 2011 and November 2012, Plaintiff was involuntarily activated to the United States Marine Corps. During this time, Plaintiff was deployed to Afghanistan on two separate occasions.

14. During Plaintiff's time away with the United States Marine Corps. between July 2011 and November 2012, Lt. Pannella refused to send Plaintiff announcements regarding promotional opportunities because it was an "inconvenience" and considered it to be special treatment that he believed Plaintiff was not entitled to. By not being informed of promotional opportunities, Plaintiff was unable to apply and/or test for many superior positions with the Westminster Police Department.

15. In December 2012, Plaintiff notified Lt. Pannella he was returning from military duty and intended on returning to his job as a police officer with Westminster Police Department. Despite Plaintiff requesting to be placed back on the schedule to work, Lt. Pannella intentionally withholding placing Plaintiff back

on the schedule for at least a month, causing Plaintiff to not receive a paycheck for the entire month of December.

16. Upon Plaintiff's return to work after his military service, Plaintiff repeatedly asked his supervisors for make up exams, promotional exams, and the collateral billet screening but was outright rejected for all the requests.

17. In July 2013, Plaintiff applied for and was denied a detective assignment. Three positions were available and all went to, when Plaintiff's military experience is considered, lesser qualified officers, one of which Plaintiff trained before he was activated.

18. In approximately July 2013, Plaintiff applied for and was denied a detective assignment. Plaintiff was denied the detective assignment while three lesser qualified officers were awarded the assignment. Based on information and belief, Plaintiff was denied the detective assignment because of his military service.

19. In August 2014, Plaintiff tested for a Sergeant position with the Westminster Police Department. While Plaintiff performed well on the internal portion of the application process, Plaintiff was ranked poorly by the outside testing agency. Based upon information and belief, Defendant and its managing officials intentionally sabotaged Plaintiff's outside interview by instructing the outside testing agency to rank Plaintiff poorly. As a result, Plaintiff was not appointed to the rank of Sergeant.

20. In approximately Fall 2014, Plaintiff tested for a detective position with the Westminster Police Department. Again, Plaintiff was informed he was ranked poorly by the outside testing agency. Based upon information and belief, Defendant and its managing officials against intentionally sabotaged Plaintiff's outside interview by instructing the outside testing agency to rank Plaintiff poorly.

21. In April 2016 Sergeant testing was scheduled to be conducted for the Westminster Police Department. However, the dates scheduled for testing was at

the same time Plaintiff was required to conduct his military training in Twenty-nine Palms, California.

22. Realizing the testing was scheduled for the same time he was obligated to participate in military training, Plaintiff notified Human Resources Director for the City of Westminster Mike Harary and requested to have a makeup examination. Mike Harary refused to respond to Plaintiff, causing Plaintiff to be unable to test for the Sergeant position.

23. As a result of Mike Harary refusing to allow Plaintiff to take a makeup exam for the Sergeant position, numerous officers with lesser qualifications than Plaintiff were promoted to Sergeant while Plaintiff remained at his position.

24. In approximately October 2016, the City of Westminster opened the hiring process for a new Chief of Police.

25. Plaintiff met all of the criteria to apply for the Chief of Police position with the exception of a minimum time requirement for years as a Lieutenant.

26. Plaintiff's time with the Westminster Police Department was sufficient to meet the time requirement for the Chief of Police position when Plaintiff's military experience is considered. Thus, Plaintiff is more than qualified for the position despite the Lieutenant requirement. Because Plaintiff had ample experience, Plaintiff wrote to Human Resources Director Mike Harary and requested to be granted an exemption to the minimum time requirement for the Chief of Police position as other waivers for other positions had routinely been granted.

27. Despite Plaintiff being qualified for the Chief of Police position when his military experience is considered, on January 9, 2017, Human Resources Director Mike Harary arbitrarily denied Plaintiff's exemption request.

28. After Harary's arbitrary denial of Plaintiff's exemption request, Plaintiff approached Harary in person at his office. Harary at first refused to meet with Plaintiff. For the brief time Plaintiff was able to speak with Harary, Harary

told Plaintiff that his military experience is irrelevant to Plaintiff's qualifications with the police department.

29. In June 2017, the City opened testing for the SWAT team. Because the initial test took place while Plaintiff was out on military duty, Plaintiff was this time granted a make-up test. However, the City only allowed Plaintiff to take the test to join SWAT on the day after Plaintiff came back from his military service, causing Plaintiff to be unable to prepare for the test. Because Plaintiff was unable to prepare for the SWAT test, Plaintiff was unsuccessful on this test.

30. On information and belief, Defendant City engages in a policy or custom of discriminating against those with membership in the U.S. military by failing to promote them and failing to award them Special Assignments. Plaintiff has been injured by this policy or custom of the Defendant.

31. On information and belief, Defendant City engages in a pattern or practice of failing to promote those who are members of the U.S. military and failing to award them Special Assignments. Plaintiff has been injured by this pattern and practice.

32. Plaintiff has performed his duties well as a police officer. Despite performing well, Defendants have not awarded Plaintiff Special Assignments or promotions and has repeatedly intentionally refused to disclosed promotion opportunities to Plaintiff.

33. Plaintiff was a member of the United States Marine Corps.

34. On September 16, 2016, Plaintiff filed a complaint with the Department of Fair Employment and Housing.

35. On October 28, 2016, a right-to-sue letter was issued to Plaintiff by the Department of Fair Employment and Housing stating that Plaintiff had exhausted all of his administrative remedies.

/ /

/ /

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

36. After Plaintiff served his right-to-sue letter upon the City of Westminster, Defendant retaliated against Plaintiff by opening up an Internal Affairs investigation of his complaint with the Department of Fair Employment and Housing.  This was done to retaliate against Plaintiff because he was a whistleblower who reported discrimination within the City of Westminster and had prevailed in a separate discrimination lawsuit against the Defendant.

37. Defendant also denied Plaintiff various job assignments, testing opportunities, and promotions because of the complaint he filed with the Department of Fair Employment and Housing in retaliation and/or discrimination based upon his whistleblower activities and speech criticizing the Department and its discrimination.

## FIRST CLAIM FOR RELIEF
### Violation of USERRA 38 U.S.C. § 4301 et. Seq.

38. Plaintiff repeats and re-alleges each and every allegation set forth above, and incorporates same by reference as though set forth fully herein.

39. U.S.C. § 4301 sets forth USERRA's express intent in that "[t]he purposes of this chapter are (1) to encourage noncareer service in the uniformed services by eliminating or minimizing the disadvantages to civilian careers and employment which can result from such service; … and (3) to prohibit discrimination against persons because of their service in the uniformed services."

40. In addition, 20 CFR Part 1002, page 72546, requires that the provisions of USERRA are "to be liberally construed for the benefit of those who left private life to serve their country in its hour of great need."  See also, 20 CFR 1002.7 ("USERRA establishes a floor, not a ceiling, for the employment and reemployment rights and benefits of those it protects.  In other words, an employer may provide greater rights and benefits than USERRA requires, but no employer can refuse to provide any benefit guaranteed by USERRA.")

/ /

41. 38 U.S.C.A. 4311(a) states that a "person who is a member of … a uniformed service shall not be denied initial employment, reemployment, retention in employment, promotion, or any benefit of employment by an employer on the basis of that membership... performance or service, … or obligation."

42. 38 U.S.C.A. § 4311(b) provides: "An employer may not discriminate in employment against or take any adverse employment action against any person because such person (1) has taken an action to enforce a protection afforded to any person under this chapter … or (4) has exercised a right provided for in [same]."

43. 38 U.S.C.A. § 4311 (c)(1) provides that "an employer shall be considered to have engaged in actions prohibited-under subsection (a), if the person's membership, application for membership, service, application for service, or obligation for service in the uniformed services is a motivating factor in the employer's action, unless the employer can prove that the action would have been taken in the absence of such membership, application for membership, service, application for service, or obligation for service."

44. Each time Plaintiff was obligated to perform his military service, he gave proper notice to Defendant of his military service.

45. Upon Plaintiff's return from military service, Plaintiff has been denied the opportunity to apply and test for various superior positions within the Westminster Police Department. The positions Plaintiff was denied the ability to fairly test for because of his military service include, but are not limited to, Sergeant, Lieutenant, and Chief.

46. On one particular occasion, in April 2016 Sergeant testing was scheduled to be conducted for the Westminster Police Department. However, the dates scheduled for testing was at the same time Plaintiff was required to conduct military training in Twentynine Palms, California.

/ /

47. Realizing the testing was scheduled for the same time he was obligated to participate in military training, Plaintiff notified Human Resources Director for the City of Westminster Mike Harary and requested to have a makeup examination. Mike Harary refused to respond to Plaintiff, causing Plaintiff to be unable to test for the Sergeant position.

48. As a result of Mike Harary refusing to allow Plaintiff to take a makeup exam for the Sergeant position, numerous officers with lesser qualifications than Plaintiff were promoted to Sergeant while Plaintiff remained at his position.

49. In approximately October 2016, the City of Westminster opened the hiring process for a new Chief of Police.

50. Plaintiff met all of the criteria to apply for the Chief of Police position with the exception of the minimum time requirement for years as a Lieutenant.

51. While Plaintiff's time with the Westminster Police Department was insufficient to meet the time requirement for the Chief of Police position, when Plaintiff's military experience is considered, Plaintiff is more than qualified for the position. Because Plaintiff had ample experience, Plaintiff wrote to Human Resources Director Mike Harary and requested to be granted an exemption to the minimum time requirement for the Chief of Police position.

52. Despite Plaintiff being qualified for the Chief of Police position when his military experience is considered, on January 9, 2017, Human Resources Director Mike Harary arbitrarily denied Plaintiff's exemption request.

53. After Harary's arbitrary denial of Plaintiff's exemption request, Plaintiff approached Harary in person at his office. Harary at first refused to meet with Plaintiff. For the brief time Plaintiff was able to speak with Harary, Harary told Plaintiff that his military experience is irrelevant to Plaintiff's qualifications with the police department. Thereafter, Harary started an Internal Affairs investigation into Plaintiff for claimed insubordination from this encounter that has never been resolved.

9

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

54. Defendant's failure to provide reasonable accommodation while Plaintiff was on military orders and upon his return violated the rights afforded Plaintiff under USERRA, 38 U.S.C.A. §§ 4301, et. seq.

55. Defendants have routinely discriminated against Plaintiff because of his membership in the armed services, including refusal to compensate him for the pay-step increases that he had earned, refusal to promote him to grant him various promotions, refusal to allow him to fairly test for various promotions and positions within the department, and subjecting Plaintiff to more severe discipline than that faced by other employees.

56. As a direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff has sustained and continues to sustain substantial losses in earnings, employment benefits, employment opportunities, and Plaintiff has suffered other economic losses in an amount to be determined at time of trial.  Plaintiff has sought to mitigate these damages.

57. As a direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff has suffered and continues to suffer humiliation, emotional distress, loss of reputation, and mental anguish, damages in a sum to be established according to proof.

58. In addition to such other damages as may properly be recovered herein, Plaintiff is entitled to recover prevailing party attorney's fees.

## SECOND CLAIM FOR RELIEF
### Discrimination Based on Military Status and Protected Military Leave
### (Cal. Mil. & Vet. Code §§394, 395, 564)

59. Plaintiff repeats and re-alleges each and every allegation set forth above, and incorporates same by reference as though set forth fully herein.

60. According to the California Military and Veterans Code § 394, no person shall discriminate against any enlisted member of the military or naval forces of the state or United States because of that membership.

61. Furthermore, according to the California Military and Veterans Code § 394, no employee of the state, or of any county, city, and county, municipal corporation, or district shall discriminate against any enlisted member of the military or naval forces of the state or of the United States because of that membership.

62. According to the California Military and Veterans Code § 395, any public employee who is a member of the reserve corps of the Armed Forces of the United States or of the National Guard or the Naval Militia is entitled to a temporary military leave of absence as provided by federal law while engaged in military duty ordered for purposes of active military training, inactive duty training, encampment, naval cruises, special exercises or like activity, providing that the period of ordered duty does not exceed 180 calendar days, including time involved in going to and returning from that duty.

63. Under California Military and Veterans Code § 395, any public employee who has been in the service of the public agency from which the leave is taken for a period of not less than one year immediately prior to the date on which a temporary military leave of absence begins, shall receive the same rights and privileges to promotion that the employee would have enjoyed had he not been absent therefrom.

64. Defendant subjected Plaintiff to adverse actions because of his participation in the uniformed services, such as failing to accommodate him while he was on military orders. This conduct constitutes a violation of §§ 394 and 395.

65. As a direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff has sustained and continues to sustain substantial losses in earnings, employment benefits, employment opportunities, and Plaintiff has suffered other economic losses in an amount to be determined at time of trial. Plaintiff has sought to mitigate these damages.

/ /

66. As a direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff has suffered and continues to suffer humiliation, emotional distress, loss of reputation, and mental and physical pain and anguish, all to her damage in a sum to be established according to proof.

67. In addition to such other damages as may properly be recovered herein, Plaintiff is entitled to recover prevailing attorney's fees.

### THIRD CLAIM FOR RELIEF
### Discrimination (Cal. Gov. Code § 12940(a))

68. Plaintiff repeats and re-alleges each and every allegation set forth above, and incorporates same by reference as though set forth fully herein.

69. Defendant is an employer pursuant to Gov. Code § 12926(d) because it regularly employs five or more persons.

70. At all relevant times, Plaintiff was employed with the City of Westminster, and thus qualifies as an employee pursuant to Gov. Code § 12926(c).

71. Gov. Code §12940(a) protects against discrimination by an employer based on veteran status.

72. During Plaintiff's time employed with the City of Westminster, Plaintiff has been subjected to discriminatory treatment based on his veteran status in that he has been denied various work assignments, testing opportunities, and promotions. These actions violate Plaintiff's right under the Fair Employment and Housing Act (FEHA).

73. It was the City of Westminster's custom and practice to favor employees without military experience over those who were veterans, causing Plaintiff to be denied many assignments and promotions.

74. Because Plaintiff has been denied numerous assignments, testing opportunities, and promotions, Plaintiff has suffered substantial economic damages that will be shown according to proof at the time of trial.

75. As a direct and proximate result of Defendant's discriminatory and harassing acts, Plaintiff has suffered and continues to suffer from anxiety, depression, humiliation, feelings of inadequacy, mental and emotional distress, embarrassment, stomach pains, headaches, diarrhea, and discomfort, all of which will be shown according to proof at the time of trial.

76. Government Code § 12965(b) provides that a plaintiff may be awarded her attorney's fees incurred in bringing and prosecuting this action. In such regards, Plaintiff has incurred and will continue to incur attorney's fees in the filing, prosecution, and maintenance of this action, as well as other litigation expenses and court costs. The exact amount of such attorney's fees, costs, and expenses is not presently known, but will be shown according to proof at the time of trial.

## FOURTH CLAIM FOR RELIEF
### Retaliation in Violation of Cal. Gov. Code § 12940 (h) and (i)

77. Plaintiff repeats and re-alleges each and every allegation set forth above, and incorporates same by reference as though set forth fully herein.

78. The City of Westminster is an employer pursuant to Cal. Gov. Code § 12926(d) because it regularly employs five or more persons.

79. At all relevant times, Plaintiff was employed with the City of Westminster, and thus qualifies as an employee pursuant to Gov. Code § 12926(c).

80. On September 16, 2016, Plaintiff filed a complaint with the Department of Fair Employment and Housing.

81. On October 28, 2016, a right-to-sue letter was issued to Plaintiff by the Department of Fair Employment and Housing stating that Plaintiff had exhausted all of his administrative remedies.

82. After Plaintiff served his right-to-sue letter upon the City of Westminster, Defendant retaliated against Plaintiff by opening up an Internal

Affairs investigation. This was done to retaliate against Plaintiff because he was a whistleblower who reported discrimination within the City of Westminster.

83. Defendant also denied Plaintiff various job assignments, testing opportunities, and promotions because of the complaint he filed with the Department of Fair Employment and Housing.

84. Plaintiff's adverse employment action was deliberate and intentional retaliation from the District because Plaintiff was a whistleblower.

85. The retaliatory conduct is attributable to Defendant because it was committed, authorized, and ratified by one or more of its officers, directors, managers, supervisors, or managing agents, including Human Resources Director Mike Harary.

86. Because Plaintiff has been denied numerous assignments, testing opportunities, and promotions as a result of Defendant's retaliatory actions, Plaintiff has suffered substantial economic damages that will be shown according to proof at the time of trial.

87. As a direct and proximate result of Defendant's discriminatory and harassing acts, Plaintiff has suffered and continues to suffer from anxiety, depression, humiliation, feelings of inadequacy, mental and emotional distress, embarrassment, and discomfort, all of which will be shown according to proof at the time of trial.

88. Government Code § 12965(b) provides that a plaintiff may be awarded her attorney's fees incurred in bringing and prosecuting this action. In such regards, Plaintiff has incurred and will continue to incur attorney's fees in the filing, prosecution, and maintenance of this action, as well as other litigation expenses and court costs. The exact amount of such attorney's fees, costs, and expenses is not presently known, but will be shown according to proof at the time of trial.

/ /

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against all Defendants as follows:

1. For special damages according to proof;
2. For pre-judgment interest as allowed by law;
3. For general damages according to proof;
4. For costs of suit herein;
5. For reasonable attorney's fees as allowed by law; and
6. For such other and further relief as the Court deems just and proper.

Dated: October 26, 2017                    WAGNER & PELAYES, LLP


*/s/ Jacob P. Menicucci*
JACOB P. MENICUCCI, Esq.
DENNIS E. WAGNER, Esq.
Attorneys for Plaintiff, BRIAN PEREZ

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demands a jury trial on all matters for which a jury trial is available.

Dated: October 26, 2017                    WAGNER & PELAYES, LLP


*/s/ Jacob P. Menicucci*
JACOB P. MENICUCCI, Esq.
DENNIS E. WAGNER, Esq.
Attorneys for Plaintiff, BRIAN PEREZ