UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| BRIAN PEREZ, | Case No. 8:17-cv-1879 DOC (JDEx) |
| Plaintiff, | **PROTECTIVE ORDER RE CONFIDENTIAL INFORMATION** |
| v. | |
| CITY OF WESTMINSTER; and DOES 1 through 25, inclusive, | Complaint Filed: 10/26/17<br>Trial Date: 5/7/19 |
| Defendants. | |

Pursuant to a stipulation by and between Plaintiff, Brian Perez ("Plaintiff") and Defendant, the City of Westminster ("City"), hereinafter collectively referred to as the "Parties", by and through their respective counsel of record, that in order to facilitate the exchange of information and documents which may be subject to confidentiality and privacy limitations on disclosure due to federal laws, state laws, and privacy rights, and with changes by the Court based upon the Local Rules of this Court, the Court enters a Protective Order as follows:

1. Good cause exists for the entry of this Protective Order regarding Confidential Information ("Order") because discovery in this employment action is likely to involve production of confidential, proprietary or private information for

which special protection from public disclosure and from use for any purpose other than pursuing this litigation may be warranted. Such confidential, proprietary, and private information consists of, among other things, confidential personnel records, investigation reports containing confidential information and information which may be protected by the right to privacy, private information pertaining to employees and citizens, and information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure to the public, or which may be privileged or otherwise protected from disclosures under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the Parties are entitled to keep confidential, to ensure that the Parties are permitted reasonable necessary uses of such materials in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter.

2. Documents or information produced or provided by the Parties during the course of discovery in the above-entitled matter may be designated as "Confidential" so long as the Party who seeks confidentiality has a good faith belief that such document or information is entitled to confidentiality under the terms of this Order.

3. For purposes of this Order, "Confidential Information" means (a) any personnel or personal information of employees or citizens of the City, (b) any document or information designated as confidential in accordance with paragraph 7 of this Order, and (c) any aggregation of Confidential Information. The identification of an individual document or category of documents or information as Confidential Information under paragraph 3(b) may be challenged pursuant to paragraph 10 of this Order.

/ / /

- 2 -
PROTECTIVE ORDER RE
CONFIDENTIAL INFORMATION

4. For purposes of this Order, "Document" means all written, recorded, or graphic material, in hard copy or electronic format, including but not limited to documents produced in discovery, deposition transcripts and exhibits, trial and hearing transcripts and exhibits, pleadings, motions, affidavits, and briefs that may quote, summarize, or contain Confidential Information.

5. For purposes of this Order, "Producing Party" means a party that produces Confidential Information or other information in connection with this litigation.

6. For purposes of this Order, "Recipient" means a named party in this litigation (or counsel thereto and their agents) who receives Confidential Information or other information in connection with the litigation. This Order does not apply to the Court or court personnel, who are subject only to the Court's procedures regarding the handling of material filed or lodged, including material filed or lodged under seal.

7. A. The Producing Party may designate as Confidential Information any information it believes to be confidential, including, without limitation, (i) non-public information about a past, present or potential employee or citizen of the City of Westminster, including personnel records, evaluations, compensation levels, hiring records, promotion records, databases, surveys, statistical analyses, analyses of personnel practices, or other information incorporating or aggregating information pertaining to individuals, and (ii) confidential investigation reports containing personal and private information about and/or from employees and citizens.

B. To designate Confidential Information on Documents, the Producing Party shall place a legend or stamp upon the Document indicating such in a way that brings the designation to the attention of a reasonable examiner, or otherwise puts the Recipient on reasonable notice that it contains Confidential Information. To designate Confidential Information in testimony (or in exhibits

PROTECTIVE ORDER RE
CONFIDENTIAL INFORMATION

referred to therein), the Producing Party shall (a) make an oral statement to that effect on the record, or (b) notify the Recipient in writing at any time up until twenty (20) days after receipt of the transcript.

8. The Recipient of Confidential Information shall use that information solely in connection with this litigation, and shall not disclose Confidential Information to any person except:

a) Plaintiff, in accordance with the procedures set forth in paragraph 9 of this Order;

b) the Court and its officers (including court reporters);

c) counsel of record in this action and employees of counsel of record in this action who have been actively engaged in the conduct of this litigation;

d) the City Attorney;

e) the City's Councilmembers;

f) the City Manager;

g) the Assistant City Manager;

h) the Chief of Police;

i) any person indicated on the face of the Document to be its author or co-author, or any person identified on the face of the Document as one to whom a copy of such Document was sent before its production in this action;

j) fact witnesses providing testimony by deposition or at any court proceeding in this case but only in accordance with the procedures set forth in paragraph 9 of this Order;

k) experts of either Party to whom disclosure is reasonably necessary for this Action and stenographic and clerical employees associated with such experts. Prior to receiving any Confidential Information, the expert must execute a copy of the "Agreement to Be Bound by Protective Order," attached hereto as Exhibit A. Counsel for the Party disclosing the Document to

the expert must retain any executed copies of Exhibit A and provide such copies to the Designating Party designating party prior to disclosure;

l) the City's insurance representative, as well as employees of said insurance carrier to whom it is reasonably necessary to disclose the Confidential Information for this action;

m) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

n) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the Parties engaged in settlement discussions.

9. The Recipient of Confidential Information shall disclose such information to persons set forth in paragraphs 8(a), 8(j) or 8(k) of this Order only under the conditions set forth below:

a) Prior to disclosure of Confidential Information to persons described in paragraphs 8(a), 8(j) or 8(k), the Recipient shall advise that person that, pursuant to this Order, he or she may not divulge such information to any other individual.

b) Any person who receives Confidential Information pursuant to paragraphs 8(a),8(j) or 8(k), shall execute an Agreement in the form annexed hereto as Exhibit A. Each original, executed Agreement shall be maintained in the files of the Recipient and shall be available for review by all counsel and Parties upon reasonable notice.

c) The Recipient who discloses Confidential Information pursuant to paragraphs 8(a), 8(j) or 8(k), shall maintain a list specifically identifying the persons to whom the information was disclosed and the Bates number and/or other means sufficient to identify such information disclosed.

10. In the event the Recipient disputes the Producing Party's designation of individual documents or a category of documents or information as Confidential Information, the Recipient shall notify the Producing Party in writing of such dispute. In an effort to settle such dispute without judicial intervention, the Parties shall meet and confer to determine whether the restrictions imposed by this Order are warranted with respect to such disputed information. If resolution of the dispute cannot be reached, the Recipient may apply to the Court for an appropriate determination. In connection with such an application, the Recipient shall bear the burden to show that the information is not entitled to continued protection under federal or state law. During the pendency of such dispute or application, and until the court may rule otherwise, the information designated Confidential Information shall remain subject to the designations and restrictions of this Order.

11. Inadvertent failure to designate Confidential Information shall not be construed as a waiver, in whole or in part, and may be corrected by the Producing Party by written notification to the Recipient promptly upon discovery of the failure to designate.

12. All information obtained by a Recipient in discovery in this litigation, regardless of whether it is Confidential Information, shall be used by the Recipient solely for the prosecution or defense of the claims in this litigation, and shall not be used by the Recipient in any other legal action, or for any business, commercial, competitive, personal, publicity, media or other purpose, except that nothing herein shall preclude the City from pursuing action in discovered instances of misconduct as to its own employees or ensuring that its employees are acting in accordance with the law. No Recipient or other person to whom Confidential Information is disclosed shall copy, transcribe, or otherwise reproduce in written or any other form any part or portion of any Confidential Information except as necessary for purposes of the litigation.

13. Within fifteen business days after the conclusion of this litigation, by adjudication (including appeals) or otherwise, the Recipient shall return to the Producing Party all Confidential Information, all copies of such information, and any Documents incorporating such information. Alternatively, at the request of the Producing Party, the Recipient shall destroy all such materials and certify in writing that all such materials have been destroyed.

14. A party who seeks to file any Confidential Information shall comply with Civil Local Rule 79-5 in connection with requests for file matters under seal. Matter may only be filed under seal pursuant to a court order authorizing the sealing of specific material.

15. The restrictions set forth in this Order shall not apply to:
   a) information that was, is or becomes public knowledge through its authorized release by a person or entity who rightfully obtained and possesses such information during the normal course of business, and not in violation of this Order;
   b) The City, with respect to its own information or information received or created during the normal course of its own business.

Whether information that becomes a matter of public record in any other manner may still be subject to protection as confidential shall be determined according to the standards and procedures set forth in paragraphs 3 through 11 of this Order. The owner of Confidential Information shall be able to seek protection of that information in accordance with paragraph 7 of this Order even if it did not produce that information in discovery.

16. Nothing in this Order shall be deemed to be a limit or waiver of the attorney-client privilege, the work product privilege, or any other relevant privilege. Further, inadvertent production of privileged information shall not waive the privilege. If privileged information is inadvertently produced, the Recipient agrees that, upon request from the Producing Party, it shall promptly return all copies of Documents containing the privileged information, delete any versions of the

Documents containing the privileged information on any database or computer filing system it maintains, and make no use of the privileged information.

17. Nothing in this Order shall prohibit any Party from objecting to the production or disclosure of Confidential Information solely on the grounds that such information is confidential or sensitive, or on any other grounds. Furthermore, nothing in this Order shall preclude the Parties from objecting to the admissibility or use of Confidential Information.

18. In the event Plaintiff or his counsel obtain information of the City from a third party that the City believes is confidential, the City may designate such information Confidential Information pursuant to this Order, and it shall be treated as such in accordance with this Order.

19. If a Recipient discloses Confidential Information in a manner not authorized herein, the Recipient must immediately and in writing notify the Producing Party of all pertinent facts relating to such disclosure and, without prejudice to other rights and remedies of the producing party, make every effort to prevent further disclosure by the Recipient or by the person to whom the Recipient disclosed such information.

20. The Court shall retain jurisdiction, both before and after the entry of final judgment in this case, whether by settlement or adjudication, to construe, enforce, and amend the provisions of this Order.

**FOR GOOD CAUSE SHOW, IT IS SO ORDERED.**


DATED: August 03, 2018

JOHN D. EARLY
United States Magistrate Judge

# EXHIBIT A
# AGREEMENT CONCERNING INFORMATION COVERED BY A PROTECTIVE ORDER ENTERED IN THE UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA

8:17-cv-1879 DOC (JDEx)

The undersigned hereby acknowledges that he/she has read the Confidentiality Protective Order ("Order") in *Brian Perez v. City of Westminster*, Case No. 8:17-cv-1879 DOC (JDEx), and understands its terms, agrees to be bound by each of those terms, and agrees to subject himself/herself personally to the jurisdiction of the United States District Court, Central District of California for the purpose of enforcing its terms. Specifically, and without limitation upon such terms, the undersigned agrees not to use or disclose any Confidential Information made available to him/her other than in accordance with the Order.

Dated: _____

By: _____

Print Name: _____

Of: _____
    Name of Employer